IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


RICHARD CLAY MIHLFELD,     )
          )
    Plaintiff,     )
          )     CIVIL ACTION  NO.: 3:13-CV-556
          )     (MATTICE/GUYTON)
    v.     )
          )
          )
CAROLYN W. COLVIN,     )
Acting Commissioner of Social Security,     )
          )
    Defendant.     )


## MEMORANDUM IN SUPPORT OF MOTION
## FOR SUMMARY JUDGMENT


### Statement of the Issues


I.    Whether the Administrative Law Judge erred by not finding Plaintiff's hernia to be a "severe" impairment.

II.    Whether Plaintiff meets Listing 1.06 for a fractured pelvis.

III.    Whether the additional evidence Plaintiff submitted to the Appeals Council warrants remand.

III.    Whether the Administrative Law Judge properly evaluated Plaintiff's subjective complaints and credibility.


### Statement of the Case


(i)    <u>Administrative Proceedings</u>

Plaintiff protectively filed applications for a period of disability, Disability Insurance

Benefits (DIB), and Supplemental Security Income (SSI) on June 4, 2010, alleging an onset of

disability as of July 20, 2009 (Tr. 12, 32, 131-41, 161).   After Plaintiff's claims were denied at the

initial and reconsideration levels (Tr. 12, 67-81), a hearing was held on June 4, 2012 (Tr. 12,

28-40).   On June 25, 2012, the Administrative Law Judge (ALJ) issued a hearing decision

denying Plaintiff's claims (Tr. 9-22).   On August 14, 2013, the Appeals Council (AC) denied

Plaintiff's Request for Review (Tr. 1-5), making the ALJ's decision the final decision of the

Commissioner pursuant to 20 C.F.R. §§ 404.981, 416.1481 (2013).[1]   Plaintiff now seeks judicial

review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

(ii)   Statement of the Facts

    When determining whether Plaintiff is disabled, the ALJ applied the five-step sequential

evaluation process found at 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (Tr. 13-14).   Plaintiff,

who was born on March 17, 1959, was 50 years old on his alleged onset date, he has at least a high

school education, and he is able to communicate in English (Tr. 20, 131, 171-72).   Plaintiff has

past relevant work (PRW) as a convenience cashier (auto services) (Tr. 20, 164-65, 225).

    After considering the record, the ALJ determined Plaintiff's residual functional capacity

(RFC) and found Plaintiff could perform a reduced range of medium work[2] (Tr. 16-17–Finding

No. 5).   See 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).   The ALJ then found that

Plaintiff's RFC allowed him to perform his PRW as it is generally performed and as he actually

performed it (Tr. 20–Finding No. 6).   Thus, the ALJ found Plaintiff is not disabled (Tr. 21–

Finding No. 7).

---

[1]    All future references to 20 C.F.R. are to the 2013 version unless otherwise noted.

[2]    "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.   If someone can do medium work, we determine that he or she can also do sedentary and light work."   20 C.F.R. §§ 404.1567(c), 416.967(c).

2

(iii)     Standard of Review

Judicial review is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the correct legal standards were applied.   See 42 U.S.C. § 405(g); Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004).   Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion.   See Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 476 (6th Cir. 2003).

The court may not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility.   See Bradley v. Sec'y of Health and Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988).   Even if the reviewing court were to resolve factual issues differently, the Commissioner's decision must stand if supported by substantial evidence.   See Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001).   Similarly, an administrative decision is not subject to reversal because substantial evidence would have supported an opposite conclusion.   See Valley v. Comm'r of Soc. Sec., 427 F.3d 388, 391 (6th Cir. 2005).

<div align="center">Argument</div>

As in all Social Security disability cases, Plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his impairments.   See 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) ("It is not unreasonable to require the claimant, who is in a better position to provide information

<div align="center">3</div>

about his own medical condition, to do so."); Richardson v. Heckler, 750 F.2d 506, 509 (6th Cir. 1984).

Plaintiff must show he was not able to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment that could have been expected to result in death or had lasted or was expected to last for a continuous period of not less than twelve months. See 42 U.S.C. § 423(d)(1)(A). Plaintiff's burden is to provide the relevant medical and other evidence he believes will prove his alleged disability resulting from physical or mental impairments. See 20 C.F.R. §§ 404.1512(a), (c); 416.912(a), (c).

Judicial review of the Commissioner's decision is based upon the record as a whole, and the district court may look to portions of the record not discussed or cited by the ALJ for substantial evidence to support the Commissioner's ultimate decision. See Walker v. Sec'y of Health and Human Servs., 884 F.2d 241, 245 (6th Cir. 1989). The record as a whole shows Plaintiff failed to carry his burden of proving he is disabled.

I.     The ALJ did not err by not finding Plaintiff's hernia to be a "severe" impairment.

The ALJ found Plaintiff has several "severe" impairments at step two of the sequential evaluation, 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c) (Tr. 14–Finding No. 3). Plaintiff contends the ALJ erred by not also finding a hernia to be "severe" impairment. Plaintiff's Brief (Pl.'s Br.) at 8. It is Plaintiff's burden to prove the severity of his impairments at step two. See Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (no burden shifts to the Commissioner until plaintiff proves she cannot perform her past work at step four). The

4

Commissioner may use the severity requirement to screen out claims that are totally groundless from a medical standpoint.   See Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).

An impairment is not severe "only if it is a slight abnormality that minimally effects work ability, regardless of age, education, or work experience."   Higgs, 880 F.2d at 862.   A "severe" impairment must significantly limit Plaintiff's ability to do basic work activities.   See 20 C.F.R. §§ 404.1520(c), 416.920(c); 404.1521, 416.921.   Basic work activities are "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. §§ 404.1521(b), 416.921(b).

Plaintiff relies on examining physician Dr. Eva Misra's diagnosis of a hernia (Tr. 325). Pl.'s Br. at 8.   However, the mere fact that a physician diagnosed a hernia does not mean the condition resulted in specific functional limitations, either singly or in combination.   See Yukert, 482 U.S. at 145 (citing Heckler v. Campbell, 461 U.S. 458, 466 (1983) (the Social Security Act clearly defines "disability" in terms of the effect a physical or mental impairment has on an individual's ability to function in the workplace, and the regulations adopt precisely this functional approach to determine the effect of medical impairments); Higgs, 880 F.2d at 863 (Sixth Circuit explicitly stated that "[t]he mere diagnosis [of a disease] says nothing about the severity of the condition."); 20 C.F.R. §§ 404.1545(a), 416.945(a); Social Security Ruling (SSR) 96-8p, 1996 WL 374184 (S.S.A.), at *2-3 (1996) (it is the functional limitations that may result from Plaintiff's impairments, not the impairments themselves, which may affect his ability to work).

Neither Dr. Misra, nor any other physician, assessed any specific physical limitations resulting from a hernia.   In fact, on April 29, 2011, Dr. Misra opined Plaintiff could perform

5

between medium and light work[3] (Tr. 19, 318-23).   The ALJ found Dr. Misra's opinion is due great weight, a finding Plaintiff does not challenge (Tr. 19).   Thus, even considering the hernia, substantial evidence shows Plaintiff is not disabled.

Moreover, the issue is not whether the ALJ found a hernia to be a "severe" impairment. Determining whether a "severe" impairment exists at step two of the sequential evaluation is simply a threshold inquiry involving a *de minimis* standard so that only totally groundless claims are screened out; otherwise, the sequential evaluation is continued.   See Farris v. Sec'y of Health and Human Servs., 773 F.2d 85 (6th Cir. 1985).   Rather, the issue is whether the combination of Plaintiff's "severe" and "non-severe" impairments, regardless of what they are, result in specific functional limitations when the ALJ determines Plaintiff's RFC later in the sequential evaluation at step four, 20 C.F.R. §§ 404.1520(a)(iv), (e); 416.920(a)(iv), (e).

The ALJ recognized that when determining Plaintiff's RFC, he must consider all of Plaintiff's impairments, including impairments that are not "severe" (Tr. 13, 20).   See 20 C.F.R. §§ 404.1545, 416.945 ("If you have more than one impairment.   We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not "severe," as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity."); 20 C.F.R. §§ 404.1523, 416.923

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.   Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.   To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.   If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."   20 C.F.R. §§ 404.1567(b), 416.967(b).

6

(once a "severe" combination of impairments is found, the combined effects of the impairments will be considered throughout the disability process without regard to whether any impairment would be sufficiently "severe" to establish disability if considered separately).

The ALJ found in Plaintiff's favor at step two and proceeded with the sequential evaluation process to find Plaintiff had the RFC to perform a reduced range of medium work, which, as shown by Dr. Misra's opinion, reasonably accommodates any credible limitations resulting from a hernia (Tr. 16–Finding No. 5). Thus, the ALJ did not err at step two by not finding a certain impairment to be "severe." See Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987) (per the regulations, upon determining that a "severe" impairment exists, the ALJ must continue with the remaining steps of the sequential evaluation; failure to find a particular impairment "severe" not reversible error because ALJ found other "severe" impairments); McGlothin v. Comm'r of Soc. Sec., No. 07-4355, 2008 WL 4772077, at *6 (6th Cir. Oct. 31, 2008) (noting it was "legally irrelevant" that ALJ found some impairments not "severe" because ALJ found claimant had "severe" impairments and completed evaluation process).

II.      Plaintiff does not meet Listing 1.06 for a fractured pelvis.

At step three of the sequential evaluation, 20 C.F.R. §§ 404.1520(a)(iii); 416.920(a)(iii), Plaintiff contends he meets Listing 1.06 for a fractured pelvis, 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.06. Pl.'s Br. at 1-5. Plaintiff bears the burden of proving all elements of disability benefits based upon a listing. See Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001); 20 C.F.R.

Mihlfeld v. Colvin

§§ 404.1512(a), 416.912(a).    It is insufficient for Plaintiff to almost meet a listed impairment; he

must present specific clinical findings contained in the medical evidence before the ALJ at the time

of the ALJ's decision showing all the criteria of a particular listing.    See Dorton v. Heckler, 789

F.2d 363, 365-67 (6th Cir. 1986); 20 C.F.R. §§ 404.1525, 416.925; 404.1526, 416.926.

"The [ALJ] … is responsible for deciding the ultimate legal question of whether a listing is

met ...."    SSR 96-6p, 61 Fed. Reg. 34471, 34472 (1996).    The ALJ here properly found Plaintiff

did not have an impairment or combination of impairments that meets any listing (Tr. 15–Finding

No. 4).

The criteria for Listing 1.06 are:

Fracture of the femur, tibia, pelvis, or one or more of the tarsal bones. With:
A. Solid union not evident on appropriate medically acceptable imaging and not
clinically solid;
and
B. Inability to ambulate effectively, as defined in 1.00B2b, and return to effective
ambulation did not occur or is not expected to occur within 12 months of onset.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.06.[4]

Listing 1.06B provides that "the inability to ambulate effectively" is defined at 20 C.F.R.

pt. 404, subpt. P, app. 1, § 1.00B2b.    20 C.F.R. pt. 404, subpt. P, app. 1, § 1.06B.    Section

1.00B2b defines "inability to ambulate effectively" as "an extreme limitation of the ability to walk

... that interferes very seriously with the individual's ability to independently initiate, sustain, or

complete activities."    20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1).

---

[4] Plaintiff claims the ALJ misrepresented Dr. Scott Smith's September 10, 2009 treatment note
regarding pelvic tenderness (Tr. 18, 297).    Although Dr. Smith's statement is perhaps unclear,
regardless of whether or not he meant to state there appeared to be pelvic tenderness, pelvic
tenderness is not part of the criteria for Listing 1.06.    See 20 C.F.R. pt. 404, subpt. P, app. 1,
§ 1.06.

8

Case 3:13-cv-00556-HSM-HBG   Document 13   Filed 03/19/14   Page 8 of 22   PageID #: 469

Section 1.00B2b goes on to provide that ineffective ambulation is characterized by an inability to independently ambulate without a hand-held assistive device.  See 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1), (2).  "To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed ...." See SSR 96-9p, 61 Fed. Reg. 34478, 34482 (1996).

Plaintiff cannot meet Listing 1.06 because the evidence does not show an inability to ambulate effectively.  Plaintiff repeatedly reported on disability forms that he did not require crutches, a walker, or a cane (Tr. 192, 201, 222).   Dr. Misra noted on April 29, 2011, that Plaintiff did not use an assistive device when she examined him (Tr. 324-25).   Dr. Misra also opined that Plaintiff could walk for six hours per eight-hour day, he did not require a cane to ambulate, and he can ambulate without using a wheelchair, a walker, two canes, or two crutches (Tr. 319, 323).

Further, state agency physician Dr. Kasiel Steinhardt opined on June 22, 2011, that a medically required hand-held assistive device is not necessary for Plaintiff to ambulate (Tr. 65, 329, 335).   See SSR 96-6p, 61 Fed. Reg. at 34468 (state agency physicians are experts in disability claims); 20 C.F.R. §§ 404.1527(e)(2)(i); 416.927(e)(2)(i) (state agency physicians are highly qualified physicians who are also experts in Social Security disability evaluation).

Courts that have evaluated this issue have focused on the lack of an assistive device.   See Thacker v. Social Sec. Admin., 93 F. App'x. 725, 728 (6th Cir. Mar. 12, 2004) (appellant did not show he was unable to ambulate effectively where he did not require an ambulating aid); Merida v. Astrue, 737 F. Supp. 2d 674, 683 (E.D. Ky. Aug. 30, 2010) (plaintiff did not meet a listing

9

requiring the inability to ambulate effectively where examination showed he did not use an assistive device for ambulation); <u>Dean v. Astrue</u>, No. 10–65–KSF, 2011 WL 676110, at *3 (E.D. Ky. Feb. 17, 2011) (plaintiff did not meet a listing requiring the inability to ambulate effectively where record showed he did not use an assistive device); <u>Coomer v. Astrue</u>, No. 1:08CV162-J, 2009 WL 3378960, at *2 (W.D. Ky. Oct. 20, 2009) (plaintiff did not meet a listing requiring the inability to ambulate effectively where medical evidence showed he was not using a cane and could ambulate moderately well without an ambulatory device).

Significantly, Plaintiff cites no evidence showing any physician ever prescribed a hand-held assistive device that is medically required.   Rather, Plaintiff relies on a record from the Blount County Health Department showing that, on December 19, 2011, Advanced Practical Nurse (APN) Ms. Thayer stated on a prescription pad that Plaintiff needed a walker due to pelvic pain (Tr. 359).   The ALJ discussed Plaintiff's request for the walker and APN Thayer's record (Tr. 18-19).

However, APN Thayer is not an acceptable medical source (Tr. 26).   <u>See</u> 20 C.F.R. §§ 404.1513(a), 416.913(a).   Accordingly, she cannot establish a medically determinable impairment, <u>see</u> 20 C.F.R. §§ 404.1513(a), 416.913(a), and her statement is not a medical source statement because "[m]edical source statements are medical opinions submitted by acceptable medical sources ... about an individual's physical … abilities to perform work-related activities on a sustained basis."   SSR 96-5p, 61 Fed. Reg 34471, 34473 (1996); <u>see also</u> SSR 06-3p, 2006 WL

2329939, at \*2 (only acceptable medical sources can give medical opinions); 20 C.F.R. §§ 404.1527, 416.927 (medical opinions are from acceptable medical sources).[5]

Even assuming the walker was medically required as of December 19, 2011, Plaintiff still cannot show he meets Listing 1.06 as of the ALJ's decision over six months later on June 25, 2012, which is the end of the period under consideration by the ALJ. Medical records from Dr. Peter Stimpson show Plaintiff walked without assistance on four consecutive visits in January, February, March and April 2012 (Tr. 366-74). Thus, Plaintiff cannot satisfy the statutory and regulatory durational requirement that he was unable to engage in any substantial gainful activity by reason of a medically determinable physical impairment that had lasted, or was expected to last, for a continuous period of not less than twelve months. See 42 U.S.C. § 423(d)(1)(A); Barnhart v. Walton, 535 U.S. 212, 217-225 (2002) (a claimant's inability to work must last for a continuous period of at least twelve months); 20 C.F.R. §§ 404.1505(a); 416.905(a) (claimant must show that she was not able to engage in any substantial gainful activity by reason of a medically determinable impairment that had lasted or was expected to last for a continuous period of not less than twelve months).

Further, Listing 1.06 requires that a return to effective ambulation must not occur, or is not expected to occur, within 12 months of onset. See 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.06B. Plaintiff claims his alleged disability onset date is March 15, 2010. Pl.'s Br. at 5. However, evidence of record, including a statement by Plaintiff' attorney at the hearing, shows Plaintiff's alleged onset date is July 20, 2009, which is four days after he fractured his pelvis in a motorcycle

---

[5] The Tennessee state law Plaintiff cites on this issue is irrelevant, and he cites no corresponding authority in the Commissioner's regulations or controlling case law. Pl.'s Br. at 9.

accident (Tr. 12, 18, 32, 251-52).   Regardless, Plaintiff cites no medical evidence showing an

inability to ambulate effectively from July 2009 through July 2010, or from March 2010 through

March 2011.   In fact, as shown above, Plaintiff repeatedly reported on disability forms in

November 2010 and March 2011 that he did not require crutches, a walker, or a cane (Tr. 192-93,

201-03, 222 (Exhibit 13E dated March 24, 2011)).

Plaintiff argues that the Commissioner did not prove there was a solid union of the

fractured pelvis.   Pl.'s Br. at 2-4.   However, no burden shifts to the Commissioner until Plaintiff

proves he cannot perform his PRW at step four of the sequential evaluation.   See Her, 203 F.3d at

391.   Thus, it is not the Commissioner's burden to show there was a solid union of the fracture.

Rather, given that Plaintiff's claim regarding Listing 1.06 comes at step three, it is Plaintiff's

burden to show that he meets the listing by showing a solid union is not evident on appropriate

medically acceptable imaging and that the fracture is not clinically solid.   See 20 C.F.R. pt. 404,

subpt. P, app. 1, § 1.06.

In any event, the ALJ discussed Dr. Smith's opinion that radiographs showed the posterior

pelvis looked anatomic, there was no change in the iliosacral screws, and although two lateral

screws had broken, the plate was intact and the symphysis looks anatomic on three views of the

pelvis (Tr. 18, 297).   Moreover, the ALJ pointed out Dr. Smith's report that Plaintiff walked fairly

well with no significant limp, his hips moved smoothly, he had good flexibility in his abductor,

and there was no pelvic instability (Tr. 18, 297).   Dr. Smith stated the broken screws did not

concern him, he noted Plaintiff had been very active and was doing very well for this stage, and he

believed Plaintiff could return to work without restrictions (Tr. 18, 297).   Dr. Smith's exam and

opinion are inconsistent with Plaintiff's claim that a solid union is not evident on appropriate medically acceptable imaging and that the fracture is not clinically solid.

Accordingly, Plaintiff did not carry his burden of producing specific clinical findings showing he meets all the criteria of Listing 1.06. See Foster, 279 F.3d at 353; Dorton, 789 F.2d at 365-67; 20 C.F.R. §§ 404.1525, 416.925; 404.1526, 416.926; 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1), (2); SSR 96-9p, 61 Fed. Reg. at 34482.

The ALJ did not specifically address Listing 1.06. However, given that Plaintiff cannot show he meets the listing, remand for the ALJ to evaluate the listing would be a waste of judicial and administrative resources. See NLRB v. Wyman-Gordon, 394 U.S. 759, 766 n.6 (1969) (plurality opinion) (where "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game"); Higgs, 880 F.2d at 861 (the ALJ's failure, if any, to be "more thorough and articulate" in his decision is not reversible error where his intent is clear); Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand ... unless there is reason to believe that the remand might lead to a different result."); Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988) (procedural perfection in administrative proceedings is not required; the court will not vacate a judgment unless the substantial rights of a party have been affected).

III.    The additional evidence Plaintiff submitted to the Appeals Council (AC) does not warrant remand.

After the ALJ's June 25, 2012 decision, Plaintiff submitted to the AC additional evidence that was not part of the record before the ALJ (Tr. 1-4, 404-06). This additional evidence is a CT scan of Plaintiff's pelvis dated February 8, 2013 (Tr. 405-06). Plaintiff contends this additional

13

evidence forms the basis of remand regarding the hernia at step two and Listing 1.06 at step three. Pl.'s Br. at 4, 8.

Evidence which was not available to the ALJ cannot be considered by this Court in its substantial evidence review; it may only be considered as a possible basis for remand under sentence six of 42 U.S.C. § 405(g). See Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148-149 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993). A remand is possible only if Plaintiff demonstrates that good cause exists for his failure to introduce the evidence, and that the medical evidence is new and material. See Willis v. Sec'y of Health and Human Servs., 727 F.2d 551, 553-554 (6th Cir. 1984).

Plaintiff has not carried his burden of showing good cause for not submitting the evidence prior to the ALJ's decision. See Sizemore v. Sec'y of Health and Human Servs., 865 F.2d 709, 711 (6th Cir. 1988); Oliver v. Sec'y of Health and Human Servs., 804 F.2d 964, 966 (6th Cir. 1986). In Willis, the court analyzed the history of the good cause provision and concluded that Congress intended to limit the discretion of federal judges to remand Social Security cases. The court affirmed the district court's refusal to remand a case to SSA, in part, because

> counsel for the Appellant did not seek to have the record remain open until such time as other evidence could be made a part of the record. Nothing in the record indicates any good cause for the failure to elicit medical testimony from Dr. Giray, prior to the close of the proceedings before the ALJ. If counsel for the appellant believed there was evidence ... in support for the claim of disability, that evidence should have been before the ALJ.

Willis, 727 F.2d at 554.

In <u>Oliver</u>, the court was more explicit, stating that

> Oliver has also failed to satisfy the good cause requirement of Section 405(g). The additional medical reports were prepared after the Secretary's final decision and therefore could not have been present at the hearing. While the dates on the reports alone seemingly satisfy the good cause test in <u>Ward v. Schweiker</u>, 686 F.2d 762, 764 (9th Cir. 1982), this circuit has taken a harder line on the good cause test. <u>Willis v. Secretary of Health and Human Services</u>, 727 F.2d at 554. <u>Willis</u> held that in order to show good cause the complainant must give a valid reason for his failure to obtain evidence prior to the hearing.

<u>Oliver</u>, 804 F.2d at 966.

The court continued its "harder line" approach in <u>Cline v. Comm'r of Soc. Sec.</u>, 96 F.3d at

149. In <u>Cline</u> the court pointed out that

> [c]ounsel had an entire month to notify the ALJ before the ALJ made his decision, but Cline's lawyer elected to wait and submit the evidence to the Appeals Counsel for the first time. This is clearly not good cause. . . . Cline cannot benefit from any failure to notify the ALJ at or following the hearing regarding the need to consider additional ... evidence.

<u>Id.</u>

Although the additional evidence is dated after the ALJ's June 25, 2012, decision (Tr.

405-06), <u>Willis</u>, <u>Oliver</u>, and <u>Cline</u> make clear that just because records are dated after the ALJ's

decision does not necessarily mean Plaintiff has established "good cause." The <u>Willis</u> court

found the "good cause" issue dispositive, and never reached the issue of whether the evidence was

new and material, <u>Willis</u>, 727 F.2d at 554, as did the court in <u>Cline</u> with the exception of dicta in a

brief footnote, <u>Cline</u>, 96 F.3d at 149, n.2. Thus, this Court should also find that Plaintiff's failure

to show the required "good cause" dispositive of the issue.

However, even assuming this Court finds "good cause," Plaintiff has not carried his burden

of showing the evidence is material, i.e., there is no reasonable possibility that the evidence would

change the administrative decision. See <u>Sizemore</u>, 865 F.2d at 711. The CT scan is from

<div align="center">15</div>

February 8, 2013, which is over seven months after the ALJ's June 25, 2012 decision (Tr. 405-06).

The evidence is chronologically irrelevant to the period under consideration by the ALJ, i.e., the

period ending June 25, 2012, and the AC properly found the evidence does not provide a basis for

changing the ALJ's decision (Tr. 1-2).   See 20 C.F.R. §§ 404.970(b), 416.1470(b).   Thus, the

evidence cannot be the basis for remand pursuant to sentence six of 42 U.S.C. § 405(g).

     IV.    The ALJ properly evaluated Plaintiff's subjective complaints and credibility.

     When evaluating Plaintiff's RFC, the ALJ properly evaluated Plaintiff's credibility.

Plaintiff's subjective statements that he is experiencing symptoms taken alone will not establish he

is disabled.   See Tyra v. Sec'y of Health and Human Servs., 896 F.2d 1024, 1030 (6th Cir. 1990).

Rather, Plaintiff must show medical evidence of record derived from acceptable clinical or

laboratory diagnostic techniques showing a medical impairment that could reasonably be expected

to produce his alleged symptoms.   See 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529(a), (b);

416.929(a), (b); Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853, (6th Cir. 1986)

(recognizing that an objectively determined medical condition must be of a severity which can be

reasonably expected to give rise to the alleged pain).

     The ALJ found Plaintiff's medically determinable impairments could reasonably be

expected to produce some of his alleged symptoms (Tr. 17).   However, even when the medical

evidence documents an impairment that could reasonably be expected to produce the symptoms

alleged, the ALJ then evaluates the intensity and persistence of the symptoms to determine how

they limit Plaintiff's capacity to work.   See 20 C.F.R. §§ 404.1529(c)(1), 416.9929(c)(1).   The

ALJ evaluated the evidence and properly found Plaintiff's subjective statements regarding the intensity, persistence, and limiting effects of his symptoms were not fully credible (Tr. 17).

Contrary to Plaintiff's contention, Pl.'s Br. at 5-7, the ALJ properly pointed out that Plaintiff's medical treatment has been essentially routine and/or conservative and, thus, is inconsistent with his allegations of disabling limitations (Tr. 18).   See Blacha v. Sec'y of Health and Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (noting that claimant's failure to seek treatment undercuts complaints of disabling symptoms); SSR 96-7p, 1996 WL 374186 (S.S.A.), at *8 (1996) ("[T]he individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints...."); 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (medication and treatment is a proper factor for the ALJ to consider when evaluating the intensity and persistence of an individual's alleged symptoms).

The ALJ noted that although Plaintiff stated he does not have medical insurance, he did not show that he aggressively pursued medical care at free clinics and other places for indigent persons in urgent need of medical care (Tr. 18).   The ALJ also discussed Plaintiff's testimony regarding his alleged pain and things he does to reduce it (Tr. 17-18).   Thus, the ALJ complied with SSR 96-7p when he considered Plaintiff's explanation for his essentially routine and/or conservative medical treatment and the measures Plaintiff takes to alleviate his alleged pain.   Pl.'s Br. at 5-7; SSR 96-7p, 1996 WL 374186 (S.S.A.) (1996).

Further, the ALJ did not rely solely on Plaintiff's routine/conservative medical treatment to find he is not fully credible.   On April 29, 2011, Dr. Misra opined that Plaintiff can perform between medium and light work (Tr. 19, 318-23).   The ALJ properly found Dr. Misra's opinion is

17

due great weight because her clinical findings support her opinion, a finding Plaintiff does not challenge (Tr. 19). See SSR 96-7p, 61 Fed. Reg. 34483, 34486-87 (1996) (the objective medical evidence of record and the opinions of Plaintiff's physicians are to be considered when making a credibility determination). Plaintiff claims Dr. Misra opined that Plaintiff's chronic right hip pain affected his ability to work (Tr. 323). Pl.'s Br. at 7. While this may be true, given that Dr. Misra nonetheless opined Plaintiff could perform medium to light work, Plaintiff's pain does not affect his ability to work to the extent that he is totally disabled.

The ALJ also evaluated Plaintiff's activities of daily living (ADLs) and found they are not as limited to the extent one would expect, given Plaintiff's complaints of disabling symptoms and limitations(Tr. 15, 18, 193). See Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 532 (6th Cir. 1997) ("An ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments."); 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p, 1996 WL 374186 (S.S.A.), at *3 (1996) (the ALJ is required to evaluate Plaintiff's ADLs when evaluating subjective complaints).

Plaintiff's allegations of disabling pain are inconsistent with the record as a whole. See See Hardaway v. Sec'y of Health & Human Servs., 823 F.2d 922, 928 (6th Cir. 1987) (claimant deemed not credible where the record revealed contradictory statements); 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (conflicts between Plaintiff's statements and the rest of the evidence may be considered in evaluating the extent to which the symptoms are of a disabling severity); SSR 96-7p, 1996 WL 374186 (S.S.A.), at *5 (1996) (the consistency of Plaintiff's own statements with information contained in the record bears upon his credibility).

A reviewing court will not substitute its own credibility findings for those of the Commissioner when discrepancies exist between Plaintiff's testimony and the administrative record. See Hardaway, 823 F.2d at 928. The record shows the ALJ properly evaluated Plaintiff's subjective complaints, and the ALJ's credibility finding is supported by substantial evidence. Since tolerance of pain is a highly individualized matter, and a determination of disability based on pain depends, on necessity, largely on the credibility of Plaintiff, the conclusion of the ALJ credibility finding should not be discarded lightly. See Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984); Hardaway, 823 F.2d at 928 ("[s]ince the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference.").

The record shows the ALJ properly determined Plaintiff's RFC. An RFC assessment "is the adjudicator's ultimate finding of 'what you can still do despite your limitations.'" SSR 96-5p, 1996 WL 374183 (S.S.A.), at *4 (1996). It is the ALJ's obligation to assess RFC based upon the record in its entirety, and as fact-finder it is the ALJ's duty to resolve conflicts in the evidence. See SSR 96-5p, 1996 WL 374183 (S.S.A.), at *5 (1996); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); 404.1546, 416.946. "Although [the Commissioner] consider[s] opinions from medical sources on issues such as . . . [the claimant's] residual functional capacity . . . , the final responsibility for deciding these issues is reserved for the Commissioner." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Substantial evidence supports the ALJ's RFC finding that Plaintiff can perform a limited range of medium work (Tr. 16–Finding No. 5).

19

After properly determining Plaintiff's RFC, the ALJ found Plaintiff could perform his PRW as a convenience store cashier as it is generally performed, and as he actually performed it (Tr. 20–Finding No. 6).  If Plaintiff can still perform his PRW as it is generally or actually performed, he is not disabled.  <u>See</u> 20 C.F.R. §§ 404.1520(a)(iv), (f); 416.920(a)(iv), (f); SSR 82-61, 1982 WL 31387 (S.S.A.), at *2 (1982).  No burden shifts to the Commissioner until Plaintiff proves he cannot perform his PRW at step four of the sequential evaluation.  <u>See Her</u>, 203 F.3d at 391.  Thus, when the ALJ found Plaintiff could perform his PRW, he was not required to obtain VE testimony.  <u>See</u> <u>Key v. Callahan</u>, 109 F.3d 270, 274 (6th Cir. 1997).

Plaintiff failed to carry his burden of showing he is disabled.  <u>See</u> 42 U.S.C. §§ 423(d)(1)(a), (5)(A); <u>Bowen</u>, 482 U.S. at 146 n.5; <u>Richardson</u>, 750 F.2d at 509; 20 C.F.R. §§ 404.1512(a), (c); 416.912(a), (c).  Further, the record as a whole provides substantial evidence supporting the ALJ's decision.  <u>See</u> <u>Walker</u>, 884 F.2d at 245.  The Sixth Circuit has interpreted the Social Security Act to support the denial of benefits where "the denial of benefits was due to the claimant's failure to bear his burden of proof that he was disabled."  <u>See</u> <u>Mullins v. Cohen</u>, 408 F.2d 39, 41 (6th Cir. 1969).  Even if this Court disagrees with the ALJ's resolution of the factual issues, and would resolve those disputed factual issues differently, his decision must be affirmed where, as here, it is supported by substantial evidence in the record as a whole.  <u>See</u> <u>Cornette v. Sec'y of Health and Human Servs.</u>, 869 F.2d 260, 263 (6th Cir. 1988).

## Conclusion

The decision of the Commissioner is supported by substantial evidence and should be affirmed.

<div style="margin-left: 40%;">

Respectfully submitted,

WILLIAM C. KILLIAN
United States Attorney

By:  <u>s/Loretta S. Harber</u>
LORETTA S. HARBER (BP #007221)
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
<u>Loretta.Harber@usdoj.gov</u>
(865) 545-4167

</div>

Of Counsel:

Mary Ann Sloan
Regional Chief Counsel, Atlanta
Social Security Administration

William L. Hogan
Assistant Regional Counsel
Social Security Administration
Office of the General Counsel
Atlanta Federal Center
61 Forsyth Street, SW, Suite 20T45
Atlanta, Georgia   30303

CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2014, a copy of the foregoing Memorandum in Support of Commissioner's Motion for Summary Judgment was electronically filed. The Court's electronic filing system will send notice of this filing to Plaintiff's attorney, R. Stephen T. Hyder, who is registered as a user of the electronic case filing system as indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

s/Loretta S. Harber
LORETTA S. HARBER (BP #007221)
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Loretta.Harber@usdoj.gov
(865) 545-4167

22